UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF, <br><br> Petitioner, <br><br> v. <br><br> THOMAS J. O'BIERNE & COMPANY, INC., <br> Respondent. | Civ. No. 13-3010 (KM) <br><br> MEMORANDUM OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

Petitioner New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (the "Funds") initiated this action against Respondent Thomas J. O'Beirne* & Company, Inc. (the "Company"), seeking an order confirming a February 28, 2013 arbitration award in the Funds' favor (the "Award"). Because the Award was entered against Thomas J. O'Beirne* individually, and not against the Company, I deny the Funds' motion to confirm the Award. Furthermore, because the Award was entered against a person not bound by any underlying agreement to arbitrate, I grant the Company's motion to vacate the Award.

**Facts and Contentions**

The Funds have not submitted a brief with this motion, contending that it is not necessary since "it does not appear that there is any question that the arbitration award at issue in this case may be confirmed and judgment entered." I rely on the facts asserted in and documents attached to the Funds' petition, as well as the affidavits submitted by the Company in its opposition.

Mr. O'Beirne is president of the Company, a construction contractor which was working on a Jersey City project. (Affidavit of Thomas J. O'Beirne

---

* As to both the company and the individual, the Petitioners and the Award misspell O'Beirne as "O'Bierne."

("O'Beirne Aff.") at ¶ 1). He states that in December 2008, a representative of Laborers Local 135 approached him and requested that the Company hire a union member. (*Id.*). The Company hired that worker, who worked for several days,[1] and signed a "Job Site Agreement" to control the workers' wages and working conditions. (*Id.* at ¶¶ 2, 4).

Over four years later, around early February 2013, Mr. O'Beirne received a notice from the Funds advising him that he had to schedule an audit of "[his] company's" books and records. (*Id.* at ¶ 5). O'Beirne did not remember signing any contract, and thus requested a copy of whatever contract he had signed. (*Id.* at ¶ 6). Then, in a letter dated February 6, 2013, the Funds' attorney stated that Mr. O'Beirne's company had refused to schedule an audit of its books and records, as required under "the Collective Bargaining Agreement," and that the Funds would "submit" his failure to its permanent arbitrator, J.J. Pierson, Esq., for an award on February 26, 2013 at 10 a.m. (*Id.* at Ex. A). In reply, O'Beirne's attorney advised the Funds that neither O'Beirne nor the Company believed they were bound to a collective bargaining agreement, and again requested a copy of any such contract. (*Id.* at ¶ 9; Certification of Charles A. Rosen ("Rosen Cert.") at Ex. A).

On February 22, 2013, the Funds' attorney provided Mr. O'Bierne a poor copy of the Job Site Agreement (entitled "Short Form Agreement: Building, Site and General Contractor Agreement) between the Company and the New Jersey Building Laborers Union, signed by Mr. O'Beirne as Company president on December 2, 2008. (O'Beirne Cert. at ¶ 10; Petition at Ex. B). O'Beirne admits that the agreement refers to a collective bargaining agreement, but states that, according to the Funds' internal documentation, the Agreement "ends" on April 30, 2012. (O'Beirne at ¶ 10). The same day, O'Beirne's attorney advised the Fund's attorney that Mr. O'Beirne and the Company desired further evidence concerning any contractual obligations they had. (*Id.* at ¶ 11; Rosen Cert. at Ex. B).

Arbitration apparently occurred without the presence of Mr. O'Beirne or the Company, resulting in the award entered by J.J. Pierson, Esq. that is the subject of this petition. (O'Beirne Cert. at ¶ 12; Award, Petition at Ex. D). The Award does not include any findings of fact, except to state that "due notice of hearing was issued to the employer [Mr. O'Beirne] by Counsel to the Funds." (*Id.*). It does not say when notice was issued, but, based on documents produced by Company's attorney, the reference appears to be to the February 6, 2013 letter stating that "this Firm will submit your failure to the Funds['] permanent arbitrator, JJ Pierson, Esq., for an Arbitration Award on Tuesday February 26, 2013 at 10 a.m. in this office directing that an audit will be conducted." (O'Beirne Cert. at Ex. A). The letter thus does not precisely advise Mr. O'Beirne or the company that a hearing would occur, but only of the Funds' submission of their allegations to the arbitrator. Further, the letter does

---

[1] Mr. O'Beirne states that after this he had no further dealings with the union.

not identify the Company as the subject of the audit. Rather, it is addressed to Mr. O'Beirne personally and refers to an audit of "your company." (*Id.*). Mr. O'Beirne states that he has multiple companies. (O'Beirne Cert. at ¶ 1).

On February 28, 2013, Pierson entered the Award, entitled "Audit Order," against "Thomas J. O'Bierne (hereinafter "Employer")" [sic]. (Petition Ex. D). The Award ordered an audit of the records "considered pertinent by the Trustees from January 2010 to the present date," to determine whether Mr. O'Beirne, allegedly as "employer," had submitted contributions to the Fund in accordance with an "effective Collective Bargaining Agreement." It also ordered that Mr. O'Beirne pay the arbitrator's fee and filing fee (totaling $1,150). (*Id.*).

The Funds filed this Petition to Confirm Arbitration Award and Entry of Judgment. (ECF Document No. 1) Without comment, the Petition names, not Mr. O'Beirne, but the Company, as respondent. Attached to the Funds' petition is a copy of Mr. Pierson's Award against Mr. O'Beirne, a copy of a collective bargaining agreement allegedly assented to by the Company upon signing the Short Form Agreement on December 2, 2008 (also attached), and a "Declaration of Trust of the New Jersey Building Laborers Statewide Benefit Funds," to which the Company also apparently assented. The Petition states, incorrectly, that "On February 26, 2013, after finding that Respondent [*i.e.*, the Company] was duly notified of the hearing and considering all of the evidence presented in connection therewith, the Arbitrator issued an Opinion and Award...." (Petition at ¶ 7).

### **Discussion**

"Under the Federal Arbitration Act, a district court may vacate an arbitration award if, *inter alia*, 'the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.' In other words, an arbitrator may not venture beyond the bounds of his or her authority." *Matteson v. Ryder Sys.*, 99 F.3d 108, 112 (3d Cir. 1996) (citing 9 U.S.C. § 10(a)(4) and *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597-98 (1960)). Courts are guided by the bedrock principles that arbitration "'is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit,'" and that the determination of this issue is for the courts to make. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83-84 (2002) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)).

As such, "the courts are neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators...Rare though they may be, there will be instances when it is appropriate for a court to vacate

3

the decision of an arbitrator." *Matteson* at 113-114 ("Courts...have not been relegated to the status of merely offering post-hoc sanction for the actions of arbitrators.")(citing *Leed Architectural Prods., Inc. v. United Steelworkers of America, Local 6674*, 916 F.2d 63, 65 (2d Cir. 1990) ("This great deference, however, is not the equivalent of a grant of limitless power.")).

Here, there is a fatal discrepancy between the Award and the Petition. The Funds seek a judgment against the Company, a party not named in the Award. The Award, conversely, was entered against Mr. O'Beirne, a party who never agreed to arbitrate. It was the Company, and not Mr. O'Beirne, that agreed to the Short Form 'Job Site' Agreement that, according to Petitioner, incorporated the arbitration clause in the collective bargaining agreement.

The first problem is that this Court—let alone the Petitioner—cannot in the course of confirmation simply substitute in a party against whom the Award supposedly should have been entered. The United States District Court for the Eastern District of Pennsylvania has observed that there are "no cases which support the proposition that, after an award has been made, it can be enforced against parties not named in the award or dealt with in the arbitration proceeding." *Truck Drivers, Chauffeurs & Helpers v. Stearly Motor Freight, Inc.*, 544 F. Supp. 623, 625 (E.D. Pa. 1982). In *Truck Drivers*, the court entered summary judgment on behalf of two defendants not named in arbitration award. Petitioner claimed that they should bound because they had functioned together with the party who signed the arbitration agreement as a single employer. The court declined to add responsible parties at the confirmation stage, reasoning that "all suits to compel non-signatories to participate in arbitration proceedings...arise before the award is made." *Id.*; *see also Langlais v. Pennmont Benefit Servs.*, 2012 U.S. Dist. LEXIS 95897, *22-29 (E.D. Pa. July 10, 2012) (citing *Truck Drivers* and denying petitioner's attempt to have an award enforced against 1) various entities who did not sign the underlying agreement to arbitrate and 2) the president and attorney in fact of the entity who signed the agreement to arbitrate on its behalf, notwithstanding any agency, veil piercing, or alter ego arguments connecting them to the entity named in the award); *Doctor's Assocs. v. White*, 2013 U.S. Dist. LEXIS 132580, *4-5 (D.N.J. Sept. 17, 2013) (Martini, J.)(citing *Langlais*). Accordingly, any arbitration award against Mr. O'Beirne could not be confirmed and enforced against Thomas J. O'Beirne & Company, Inc.

The second problem is that the arbitrator entered the award against Mr. O'Beirne, even though it was his Company, not he, that agreed to arbitrate. In general, where an arbitrator enters an award against a non-signatory to the

4

arbitration agreement, he or she exceeds his powers and the award must be vacated as to the non-signatory. *See Orion Shipping & Trading Co. v. Eastern States Petroleum Corp.*, 312 F.2d 299, 300-301 (2d Cir. 1963), *cert. denied.* 373 U.S. 949 (1963). This rule applies even where it appears to the court that the non-signatory is an alter ego or guarantor of the party obligation to arbitrate, *see id. See id.; see also Langlais*, 2012 U.S. Dist. LEXIS 95897, *14 (the non-signatories "did not waive their substantive challenge to the arbitrator's jurisdiction by failing to appear and raise it at the arbitration hearing."). The Second Circuit, in *Orion*, reasoned that the "decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator when that issue has not been submitted to him is not within the province of the arbitrator himself but only on the court." *Orion*, 312 F.2d at 301. It further held that that in a 9 U.S.C. § 9 confirmation action, the district court must "simply [] determine whether the arbitrator's award falls within the four corners of the dispute as submitted to him," and may not consider any veil piercing or agency arguments. *Id.*

Of course, there may be cases when a party who did not actually sign an agreement has manifested an intent to be bound, and an arbitrator, in a proper case, may have the power to so find. But no such issue was presented to this arbitrator, and no such finding was made. Nor has that issue, or any evidence on that issue, been presented to me.

Here, I may assume *arguendo* that the Company agreed to arbitrate when Mr. O'Beirne signed the Short Form Agreement as President of the Company.[2] But Mr. O'Beirne carefully signed the Short Form Agreement as "Pres." of the Company, and stamped the Company's name and address in the portions of the agreement identifying the employer to be bound. (Petition, Ex. B). And this makes sense; the Company, not Mr. O'Beirne, was the employer. Accordingly, the arbitrator exceeded his powers in entering the Award against Mr. O'Beirne.

---

[2] I do note, however, that neither Mr. O'Beirne nor the Company apparently ever saw the collective bargaining agreement, incorporated by reference, that contained the arbitration clause, and that they apparently had no dealings whatever with the union in the four years that elapsed between the casual hiring of a single employee and the demand for an audit.

5

## CONCLUSION

For the foregoing reasons, the Funds' motion to confirm the Award is **DENIED**, the petition to confirm the Award is **DISMISSED**, and the Company's cross-motion to vacate the award is **GRANTED**.

Dated: December 9, 2013

_____
HON. KEVIN MCNULTY
United States District Judge